Totten, J.,
delivered the opinion of the Court.
The prisoner, Gabriel Worley, was convicted in the circuit court of Giles, on a charge of mayhem, committed upon the person of his own slave, Josiah. The indictment avers in substance, that said defendant unlawfully, maliciously and feloniously did strike, with a razor and cut off and disable the organs of generation of the said slave.
The charge is fully sustained by the proof; as to this, there is no question. It appears in the proof, that the slave was of a most wicked and turbulent disposition, and in the constant habit of running away; that he was lewd and incontinent, and in other respects of vei'y bad morals and charac *175 ter. On the othei^hand, it fully appears, that the prisoner was remarkable for his kindness and humanity towards his slaves; and that he had never given the slave Josiah any cause or excuse for his turbulent and vicious conduct, but on the contrary had used mild and reasonable means to reform him; But it also appears, that the act in question,, was done on preparation, wilfully and deliberately.
The able and ingenious defence that has been offered for the prisoner, assumes, in the first place, that in the facts and circumstances of this case, there is an absence of malice, without which the conviction cannot stand.
The nature and character of the act charged as the offence, imply such deliberation and preparation as that, if it be unlawful, the law would infer that it was malicious. If the act were unlawful the malice would be implied; unless such circumstances of present and immediate provocation be shown as would remove the legal presumption of malice. No such circumstances appear in this case. We utterly repudiate the idea of any such power and dominion of the master over the slave, as would authorise him thus to maim his slave for the purpose of his moral reform. Such doctrine would violate the moral sense and humanity of the present age. We are of opinion that the act was unlawful, and that the malice sufficiently appears, if not in fact, at least by legal imputation.
In the next place it is said, that the case is not within the provisions of the penal code. It provides, that “no person shall unlawfully and maliciously, by cutting or otherwise, cut off or disable the organs of generation of another, or any part thereof.” Act 1829, ch. 23; sec. 55.
This code is not applicable to offences committed by slaves, but it does not follow, that offences committed by white persons, upon the persons of slaves, shall not be punishable under this code. We think it does apply to such offen- *176 ces; and that a white person may be indicted and convicted under this code for murder, mayhem or manslaughter, committed upon the person of a slave. We see no reason why this should not be so. The slave is to be regarded as a reasonable creature in being, in the sense of the code, and as a person upon whom the offence before stated may be committed. We consider that this view of the subject not only accords with the reason and humanity of the law, but with the obvious intention of the code in question.
In the last place, some exception was suggested to the form of the indeictment, because it does not negative the proviso in the said 55th section, as to defence and malice. But the indictment avers, that the offence was committed wilfully, unlawfully and maliciously, without which elements the offence is not defined, and does not exist. This averment is a sufficient answer to the exception.
We think, therefore, that there is no error in the record, and that, notwithstanding many circumstances of mitigation, the conviction must necessarily be confirmed-
judgment affirmed.